IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARBOR ASSOCIATES LIMITED PARTNERSHIP, DR. KRISHNA P. SINGH, KAPEX I, LLC, and MULTI-DECADES TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MICRON DEVICES, LLC,<br><br>Defendant. | Civil Action No. 20-1706-CFC |

Michael I. Silverman, SILVERMAN MCDONALD & FRIEDMAN, Wilmington, Delaware; David A. Berlin, Matthew B. Weisberg, WEISBERG LAW, Morton, Pennsylvania

*Counsel for Plaintiffs*

**MEMORANDUM OPINION**

April 5, 2022
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiffs brought this breach-of-contract lawsuit based on diversity jurisdiction under 28 U.S.C. § 1332. *See* D.I. 1. The Third Circuit has held that "the citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Because I "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), I ordered Plaintiffs to identify the name and citizenship of each member of the limited partnership and LLC parties. D.I. 24.

Consistent with their complaint, Plaintiffs identified Florida as the citizenship of the members of the plaintiff entities. D.I. 25. They also identified Laura Perryman as a member of Defendant Micron Devices, LLC and they say that she too is a citizen of Florida. D.I. 26. This Court therefore lacks diversity jurisdiction over this action. *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995) ("It is axiomatic that the federal judiciary's diversity jurisdiction depends on complete diversity between all plaintiffs and all defendants."). Accordingly, I will dismiss the case for lack of subject matter jurisdiction.