IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARBOR ASSOCIATES LIMITED PARTNERSHIP, DR. KRISHNA P. SINGH, KAPEX I, LLC, and MULTI-DECADES TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MICRON DEVICES, LLC,<br><br>Defendant. | Civil Action No. 20-1706-CFC |

Michael I. Silverman, SILVERMAN MCDONALD & FRIEDMAN, Wilmington, Delaware; David A. Berlin, Matthew B. Weisberg, WEISBERG LAW, Morton, Pennsylvania

   *Counsel for Plaintiffs*

# MEMORANDUM OPINION

May 23, 2022
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiffs brought this breach-of-contract lawsuit based on diversity jurisdiction under 28 U.S.C. § 1332. *See* D.I. 1. The Third Circuit has held that "the citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Because I "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), I ordered Plaintiffs to identify the name and citizenship of each member of the limited partnership and LLC parties. D.I. 24.

Consistent with their complaint, Plaintiffs identified Florida as the citizenship of the members of the plaintiff entities. D.I. 25. Plaintiffs stated that they were "unable to verify the members" of Defendant Micron Devices, LLC but represented upon information and belief that Laura Perryman is a member of Micron Devices and that she is a citizen of Florida. D.I. 26. In support of their representations, Plaintiffs submitted (1) a promissory note signed by Ms. Perryman as "Managing Member" of "Micron Devices, LLC," D.I. 26, Ex. 3, (2) a copy of a search on Florida's website for corporations that identified Micron Devices, LLC as "inactive" and listed Laura Perryman as the registered agent with a Florida

address, D.I. 26, Ex. 2, and (3) an affidavit from Ms. Perryman identifying herself as a citizen of Florida, D.I. 26, Ex 4. Plaintiffs also represented to the Court that "[t]he only addresses Plaintiffs have found for Ms. Perryman are in Florida." D.I. 26. Based on Plaintiffs' representations and exhibits, I concluded that I lacked diversity jurisdiction over this action, D.I. 27, and dismissed the case, D.I. 28.

Plaintiffs have now filed a motion to alter judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1) and (6), arguing that I "declined jurisdiction based upon . . . Laura Perryman's past representations that she is a citizen of Florida" but that "reliance upon Ms. Perryman's testimony is unwarranted given her documented history of deceit." D.I. 29. Plaintiffs are incorrect: I did not conclude that the Court lacked jurisdiction based on Ms. Perryman's representations; rather I based that conclusion on Plaintiffs' representations. Indeed, I had directed Plaintiffs, as the parties bearing the burden to establish diversity jurisdiction, to inform the Court of the name and citizenship of each member of the limited partnership and LLC parties, and I made my determination about jurisdiction based on Plaintiffs' response. If Plaintiffs believed that reliance on Ms. Perryman's prior representations was unwarranted, they should not have based their representations—the representations upon which I made my decision—on Ms. Perryman's prior representations. *See EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1050 (3d Cir. 1993) ("The smooth, efficient working of the judicial process

depends heavily upon the assumption that [representations made in briefs] will be made after careful, deliberate evaluation by skilled attorneys who must ultimately accept responsibility for the consequences of their decisions. It goes without saying that one cannot casually cast aside representations, oral or written, in the course of litigation simply because it is convenient to do so[.]").

Plaintiffs' other request is for "clarification regarding the Court's prior Order entering default judgment[.]" D.I. 29. It is unclear what Plaintiffs mean by "clarification" in this instance, and courts do not "give advisory opinions about issues as to which there are not adverse parties before us." *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982). Providing the guidance Plaintiffs appear to be seeking would be nothing more than offering an improper advisory opinion. Accordingly, I will deny the motion.

The Court will issue an Order consistent with this Memorandum Opinion.